## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**FIAZ VOUHANNA GABRAIL,**

**Defendant.**                                        **No. 09-30187-DRH**


### <u>ORDER</u>

**HERNDON, Chief Judge:**

Before the Court is Defendant Gabrail's Emergency Motion for Release Pending Designation (Doc. 44). Defendant requests that he be immediately released from the Perry County Jail where he is awaiting designation because he requires surgery for a broken jaw and needs surgery to reset the jaw. Defendant states that while he was housed at the Perry County Jail, he was attacked by another inmate which resulted in a broken jaw that requires surgical repair but the surgery scheduled for August 12, 2010 has been postponed and Defendant believes that immediate surgery is necessary as he is in constant, severe pain and the bones have begun to heal improperly making it difficult to eat. The Government has filed a response stating that although Defendant's surgery was cancelled, it was cancelled by the hospital and has since been rescheduled for the near future. The Court notes that Defendant's original request to be allowed to self-surrender was denied.

Defendant asks to be released from custody and to self-surrender

although the Court previously denied his request to voluntary surrender at the time

of sentencing.  Under the provisions of **18 U.S.C. § 3143**, a person who has been

found guilty of an offense is detained pending the execution of sentence..."unless the

judicial officer finds by clear and convincing evidence that the person is not likely to

flee or pose a danger to the safety of any other person or the community if

released...."  ***See* 18 U.S.C. § 3143(a)(1)**.

> [Further] [t]he judicial officer shall order that a person who has been
> found guilty of an offense in a case described in subparagraph (A), (B),
> or (C) of subsection (f)(1) of section 3142 and is awaiting imposition of
> sentence be detained unless-
>> (A)(i) the judicial officer finds there is a substantial likelihood
>> that a motion for acquittal or new trial will be granted; or
>> (ii) an attorney for the Government has recommended that no
>> sentence of imprisonment be imposed on the person; and
>> (B) the judicial officer finds by clear and convincing evidence that
>> the person is not likely to flee or pose a danger to any other
>> person or the community.

**18 U.S.C. § 3143(a)(2)**.

At sentencing the Court found that under the statute Defendant was to

be detained and that no extraordinary circumstances existed which would justify

Defendant's release pending designation.  Now Defendant argues that there are

extraordinary circumstances as Defendant needs surgery to set his broken jaw.

However, the Court finds that the circumstance Defendant finds himself in does not

warrant extraordinary circumstances.  Although Defendant is suffering from a

broken jaw, as the Government points out, he is currently set for surgery in the near

future.  Thus there are no extraordinary circumstances and the statute prevails.

Accordingly, the Court **DENIES** Defendant's Emergency Motion for Release Pending

Designation (Doc. 44).

**IT IS SO ORDERED.**

Signed this 20th day of August, 2010.


/s/      David R Herndon

**Chief Judge**
**United States District Court**